The Kantrow Law Group, PLLC
Attorneys for Debtor
732 Smithtown Bypass, Suite 101
Smithtown, NY 11787
Fred S. Kantrow, Esq.
Hailey L. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                                                           Chapter 7
        MARC DANIEL RUTLEDGE,                    Case No. 23-71244-ast
        a/k/a MARC D. RUTLEDGE,
        a/k/a MARC RUTLEDGE,

                                         Debtor.
-----------------------------------------------------------X

### DEBTOR'S MOTION TO COMPEL JPMORGAN CHASE BANK TO RELEASE THE DEBTOR'S PERSONAL CHECKING ACCOUNT HELD IN VIOLATION OF 11 U.S.C. §362 AND TO IMPOSE SANCTIONS, INCLUDING PUNITIVE DAMAGES, AGAINST JPMORGAN CHASE BANK

TO:    HON. ALAN S. TRUST
          CHIEF UNITED STATES BANKRUPTCY JUDGE

MARC DANIEL RUTLEDGE, a/k/a MARC D. RUTLEDGE, a/k/a MARC RUTLEDGE, the debtor (the "Debtor") in the above captioned chapter 7 case, by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submit this as and for his motion (the "Motion") seeking the entry of an Order compelling JPMorgan Chase Bank ("Chase") to release the Debtor's personal checking account and/or savings account and to further hold Chase in contempt of Court and to impose sanctions, including but not limited to, punitive damages, for its willful violations of the automatic stay provisions of the Bankruptcy Code, and state as follows:

1.        The Debtor filed a voluntary petition for relief from his creditors pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on April 11, 2023 (the "Petition Date").  R. Kenneth Barnard was appointed interim trustee (the "Trustee").

2. Included on the Debtor's Schedule "C" were two Chase accounts, one checking account ending in 0781 ("Checking Account"), and the second, a savings account ending in 9251 ("Savings Account") ("Checking Account" and "Savings Account" collectively the "Chase Accounts"). The accounts had $2,227.00 and $16,901.00, respectively, on deposit as of the Petition Date. Pursuant to 11 U.S.C. §522(d)(5), the Debtor claimed the entirety of the Checking Account as exempt, as well as $13,198.00 of the Savings Account.

3. Included in the Debtor's Schedule "E/F" was a debt owed, pursuant to a judgment subject to interest ("Judgment"), to Stony Brook Anesthesiology ("Stony Brook"), that was incurred on or about December 30, 2015.

4. On or about March 13, 2023, counsel for Stony Brook issued an Execution of the Judgment, with Notice to the Garnishee, Chase Bank. Attached and annexed hereto as **Exhibit "A"** is a copy of the Execution with Notice to Garnishee. After same, the Office of the Sheriff of Suffolk County gave notice to Chase via a Sheriff's Levy as it related to the Judgment. Attached and annexed hereto as **Exhibit "B"** is a copy of the Sheriff's Levy.

5. On or about April 11, 2023, counsel for the Debtor sent a letter to the Sherrif of Suffolk County informing it that the automatic stay was in full force and effect and that Stony Brook was barred from enforcing the Judgment against the Debtor. Attached and annexed hereto as **Exhibit "C"** is a copy of the letter. It further asked the Sherrif of Suffolk County to stop any and all enforcement proceedings for the Judgment. The same letter was also sent to Chase and counsel for Stony Brook.

6. On or about April 20, 2023, counsel for the Debtor sent a letter to counsel for Stony Brook. Attached and annexed hereto as **Exhibit "D"** is a copy of the letter. The letter stated that due to the automatic stay being in effect, although Stony Brook held the Judgment against the

Debtor, Chase had not yet received authority from the Sheriff of Suffolk County or Stony Brook, directing it to release the hold. It further asked counsel for Stony Brook to take the necessary steps directing Chase to release the funds so as to comply with the obligations of the automatic stay.

7.      On same date, counsel for Stony Brook forwarded counsel for the Debtor proof of his office informing Chase that it was authorized to release the Debtor's Chase Accounts. Attached and annexed hereto as **Exhibit "E"** is a copy of the correspondence between counsel for Stony Brook and Chase.

8.      As of today's date, May 9, 2023, Chase has failed to comply with the efforts of all parties and their representatives, to release the Debtor's Chase Accounts, thus remaining in violation of the automatic stay.

9.      As more fully set forth in the accompanying affidavit (the "Affidavit") of the Debtor, that Debtor has contacted Chase on multiple occasions, to no avail.  The Debtor has continued to be advised that Chase has been made aware of the need to release the accounts, but it has simply failed to do so, without explanation.

10.     Here, Section 362(a) clearly provides that the automatic stay previsions preclude Chase from holding the Debtor's Chase Accounts as it relates to the Judgment. Specifically, Chase is in violation of Section 362(a)(1)[1], (a)(2)[2] and (a)(3)[3], despite being given multiple opportunities to correct its mistake of holding the Debtor's Chase Accounts.

---

[1] 11 U.S.C. §362(a)(1) provides for a stay against, the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
[2] 11 U.S.C. §362(a)(2) provides for a stay against the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.
[3] 11 U.S.C. §362(a)(3) provides for a stay against any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11.     Clearly, this Debtor is entitled to an award of actual damages, although such damages are difficult to measure. The question is what value can be assigned to the Debtor's inability to access his only bank accounts pending the resolution of this matter by this Court. As a result of Chase's blatant disregard for the law, the Debtor has also incurred unnecessary legal fees as he has been forced to have engaged in multiple communications that were avoidable had Chase complied, as well as have this firm prepare lengthy pleadings to force compliance by Chase.

12.     Additionally, this Debtor has suffered emotional stress, on top of the stress that comes with a chapter 7 bankruptcy proceeding.

13.     As to punitive damages, Section 362(k) of the Bankruptcy Code authorizes the Court to impose punitive damages upon a violator if appropriate. In this case, the mere fact that Chase was warned and failed to take corrective action and has yet to comply with the repeated requests to do so, provides a sufficient basis to impose punitive sanctions. The Court can take judicial notice of the fact that Chase is a behemoth in the banking industry.

14.     Punitive damages should be "awarded only if a defendant's conduct was malicious, wanton or oppressive." *See, In re Ramirez*, 183 B.R. 583, 590 (9th Cir. B.A.P. 1995). In this case, the imposition of punitive damages is certainly warranted because the actions taken by Chase, or lack thereof, constitute an "intentional abuse of legal power and a deliberate and arrogant defiance of federal bankruptcy law." *See, In re Sansone*, 99 B.R. 981, 990 (Bankr. C.D. Cal. 1989). The imposition of attorney's fees "constitutes compensatory damages which make an award of punitive damages appropriate." *In re Baker*, 140 B.R. 88, 90 (D. Vt. 1992). A decision to impose punitive damages is within the sound discretion of the Court. *See, Davis v. I.R.S.*, 136 B.R. 423, 425 n.20 (E.D. Va. 1992). This Court may consider such factors as (1) the nature of the creditor's

conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor and (4) any provocation of the debtor. *See, In re Sumpter*, 171 B.R. 835, 845 (Bankr. N.D. Ill. 1994).

15. To uphold the integrity of the automatic stay provisions of the Bankruptcy Code, this Court must impose sanctions and award punitive damages to make Chase sit up and take notice, including but not limited to the costs associated with this motion practice. The Debtor has been continually inconvenienced by Chase for failing to recognize the most fundamental and basic relief under the Bankruptcy Code. This Debtor should not suffer due to Chase's inability to comply with the Bankruptcy Code. Sanctions are the most appropriate action to take against Chase to show its lack of compliance will not be tolerated and must be appropriately punished.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an order compelling Chase to immediately release the Debtor's Chase Bank Accounts and impose sanctions, actual costs, and punitive damages against Chase for its willful and malicious violations of the automatic stay provisions of the Bankruptcy Code, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
      May 8, 2023

                                          The Kantrow Law Group, PLLC
                                          Attorneys for the Debtor

                              By:    s/Fred Kantrow
                                          Fred S. Kantrow
                                          732 Smithtown Bypass, Suite 101
                                          Smithtown, New York 11787
                                          516-703-3672
                                          fkantrow@thekantrowlawgroup.com